UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH PERKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-cv-01332-JAR |
| ) | |
| UNKNOWN JOHNSON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Joseph Perkins for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73

(8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently a pretrial detainee at the St. Louis City Justice Center in St. Louis, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming Correctional Officers Unknown Johnson and Unknown Haynes as defendants. (Docket No. 1 at 2-3). Both Officer Johnson and Officer Haynes are sued in their official capacities only. The complaint contains allegations that defendants were deficient in responding to an assault he suffered at the hands of another inmate.

In the "Statement of Claim," plaintiff asserts that on March 21, 2022, he "was standing in the doorway of" his cell during "rec time" when an inmate "walked up and threw a cup of hot

water and baby oil on" him. (Docket No. 1 at 4). This caused burns on his neck, shoulder, and chest. Plaintiff alleges that defendants "failed to check on [him] and they didn't come see what happened or ask what happened." He did tell Officer Haynes, "but she said lockdown." Plaintiff responded by telling Officer Haynes to "call your LT" and that he needed "to go to medical." Ultimately, he was taken to medical, as plaintiff notes that "[t]hey dressed [his] wounds and put [him] on daily dressing changes." As to relief, plaintiff seeks help settling his "case the right way," and help taking "it to trial or settle[ment]." (Docket No. 1 at 6).

## Discussion

Plaintiff is a pretrial detainee who brings this civil action pursuant to 42 U.S.C. § 1983, alleging that two correctional officers in the St. Louis City Justice Center failed to "come see what happened or ask what happened" after another inmate threw a cup of hot water on him. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

### A. Official Capacity Claims

Officer Johnson and Officer Haynes are sued in their official capacities only. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual,

capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, both defendants are alleged to be employed by the St. Louis City Justice Center. As such, the official capacity claims against them are treated as being made against the City of St. Louis itself, their employer.

A local governing body such as the City of St. Louis can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of the City of St. Louis.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its

5

employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017). As with an unconstitutional custom, a "failure to train or

6

supervise must be the moving force behind the constitutional violation." *See Doe v. Fort Zumwalt R-II Sch. Dist.*, 920 F.3d 1184, 1189 (8th Cir. 2019).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Here, plaintiff has failed to provide any facts to support the proposition that he was harmed by an unconstitutional policy, custom, or failure to train on the part of the City of St. Louis.

First, with regards to policy, plaintiff has not suggested that any policy statement, ordinance, regulation, or official municipal decision is at issue in this case. Certainly, he does not allege that defendants' purported failure to check on him resulted from "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." That is, plaintiff presents no facts indicating that a City of St. Louis official made a deliberate decision to have Officer Johnson and Officer Haynes refuse to check on him or ask him questions following an assault by another inmate. Rather than demonstrating that St. Louis has a policy of having officers refuse to check on inmates who have been assaulted, or of having officers refuse inmates medical attention, plaintiff's facts focus on the individual actions – or failures to act – on the part of Officers Johnson and Haynes. This is insufficient to show an unconstitutional policy.

Second, as to custom, plaintiff has not established the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by" City of St. Louis employees, much less that city policymaking officials were deliberately indifferent to or tacitly authorized

7

such misconduct. To the contrary, instead of describing a pattern, plaintiff focuses on a single incident occurring on March 21, 2022. On that date, he contends that two correctional officers failed to check on him or ask him what happened after being assaulted by another inmate. One occurrence does not amount to a pattern. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991) (explaining that a court cannot infer the existence of an unconstitutional policy or custom from a single occurrence). Thus, plaintiff has not shown an unconstitutional custom.

Third, and relatedly, plaintiff has not presented any facts indicating that the City of St. Louis was deliberately indifferent in training or supervising their employees. Deliberate indifference is shown by evidence that a municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." This is typically done through allegations that there has been a "pattern of similar constitutional violations by untrained employees." As previously noted, plaintiff does not propose a pattern of constitutional violations, but focuses instead on the actions of two individuals during a single shift who allegedly failed to check on him after he was assaulted by another inmate. This is insufficient to demonstrate deliberate indifference.

Finally, to the extent that plaintiff seeks to hold the City of St. Louis responsible for the actions of its employees, the Court notes that a municipality cannot be held liable merely because it employs a tortfeasor. *See A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under [42 U.S.C.] § 1983, a municipality…cannot be liable on a respondeat superior theory"). *See also Andrews v. Fowler*, 93 F.3d 1069, 1074 (8th Cir. 1996) ("A local government may not be sued under [42 U.S.C.] § 1983 for an injury inflicted solely by its employees or agents on a theory of respondeat superior").

For all of these reasons, plaintiff has not stated a claim against the City of St. Louis. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Therefore, plaintiff's official capacity claims – which are directed against the city itself – must be dismissed.

### B. Individual Capacity Claims

In his complaint, plaintiff has checked the boxes indicating that he is suing Officer Johnson and Officer Haynes in their official capacities only. As discussed above, he has failed to state an official capacity claim, because he has not established the liability of the City of St. Louis. Nonetheless, even if he intended to sue defendants in their individual capacities, the claims would still be subject to dismissal.

#### i. Officer Johnson

Individual liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

9

In this case, Officer Johnson is not mentioned by name in the "Statement of Claim." Instead, he and Officer Haynes are collectively referred to by the pronoun "they." According to plaintiff's brief allegation, "[t]hey failed to check on [him] and they didn't come see what happened or ask what happened." There are no facts supporting the contention that this failure alone amounted to a constitutional violation. There are also no facts indicating that Officer Johnson personally acted inappropriately. Indeed, it is not even clear that Officer Johnson knew of plaintiff's assault. That is, plaintiff notes that he "told" Officer Haynes, but makes no mention of advising Officer Johnson. In short, plaintiff has not alleged a causal connection between any action or inaction on the part of Officer Johnson, and a constitutional violation. Therefore, even if plaintiff had sued Officer Johnson in an individual capacity, the claim would be subject to dismissal.

  ii. **Officer Haynes**

As discussed above, plaintiff has accused Officer Haynes – along with Officer Johnson – of jointly failing to check on him, come see him, or ask him what happened after another inmate assaulted him. These allegations alone are not enough to connect Officer Haynes with the violation of one of plaintiff's constitutional rights. Unlike with Officer Johnson, though, plaintiff has further asserted that he spoke with Officer Haynes and told her that he needed to go to medical, but that "she said lockdown." Liberally construed, it appears that plaintiff is attempting to accuse Officer Haynes of deliberate indifference to his medical needs.

Plaintiff is a pretrial detainee. "The Eighth Amendment does not apply to pretrial detainees, but the Due Process Clause of the Fourteenth Amendment imposes analogous duties on jailers to care for detainees." *Christian v. Wagner*, 623 F.3d 608, 613 (8th Cir. 2010). Accordingly, a pretrial detainee's medical claims are analyzed under the Eighth Amendment's deliberate indifference standard. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006). *See also Morris v. Cradduck*,

954 F.3d 1055, 1058 (8th Cir. 2020) (stating that a pretrial detainee has the same rights to medical care under the due process clause as an inmate has under the Eighth Amendment).

Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is incarcerating. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). In other words, whether a prison official has been "deliberately indifferent requires both an objective and a subjective analysis." *Hall v. Ramsey Cty.*, 801 F.3d 912, 920 (8th Cir. 2015). Under the objective prong, the plaintiff must establish that he suffered from an objectively serious medical need, while under the subjective prong, he or she must show that a prison official actually knew of but disregarded that serious medical need. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

With regard to the objective prong, a "serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

As to the subjective prong, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Redmond v. Kosinski*, 999 F.3d 1116, 1120 (8th Cir. 2021). In other words, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay*

*v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). *See also Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (explaining that "plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the arrestee's health").

Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). *See also Davis v. Buchanan County, Missouri*, 11 F.4th 604, 624 (8th Cir. 2021). However, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

The Court notes that deliberate indifference can be "manifested" by non-medical personnel – such as guards – by "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Foulks v. Cole County, Mo.*, 991 F.2d 454, 456-57 (8th Cir. 1993).

Here, plaintiff states that another inmate threw a cup of hot water and baby oil onto him, causing burns on his neck, shoulder, and chest. Accepting these facts as true, he has asserted a serious medical need. Nevertheless, nothing in the "Statement of Claim" demonstrates that Officer Haynes knew of and disregarded that need. In particular, the entirety of plaintiff's allegation against Officer Haynes consists of the following: "I told Ms. Haynes but she said lockdown[.] I said no call your LT[,] I need to go to medical."

This short, ambiguous assertion does not establish deliberate indifference on the part of Officer Haynes. More specifically, plaintiff does not expressly state that Officer Haynes refused him medical care. Rather, he acknowledges receiving treatment for his burns. To the extent that there was a delay due to the lockdown, plaintiff gives no indication as to the length of the delay,

or that it was Officer Haynes's personal responsibility. Without any supporting or clarifying facts whatsoever, it cannot be said that Officer Haynes acted so inappropriately "as to evidence intentional maltreatment or a refusal to provide essential care." In short, plaintiff has simply not provided enough factual matter to state a plausible claim for relief. *See Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (explaining that to state a cause of action, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice"). Therefore, even if plaintiff had sued Officer Haynes in an individual capacity, the claim would be subject to dismissal.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied as moot as this action is being dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this 8th day of March, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE